

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
INGRID JNO CHARLES,

                          Plaintiff,

- against -

A CHOICE NANNY and DAISY PRINCE,

                          Defendants.

------------------------------------------------------------X

CV-04-05665 (BMC)(LB)

**MEMORANDUM DECISION AND ORDER GRANTING SUMMARY JUDGMENT AND DISMISSING CASE**

COGAN, District Judge.

    Plaintiff *pro se* commenced this action seeking damages under Title VII of the Civil Rights Act, 42 U.S.C. §§2000-e et seq., alleging that her employment as a domestic worker was improperly terminated based on her race. Her employment agency, the defendant A Choice Nanny, was previously dismissed pursuant to a stipulation on the record before Judge Feuerstein, to whom this case was previously assigned.

    The remaining defendant, sued herein as Daisy Prince but who asserts that her true name is Daisy Chaplin, moved to dismiss on March 17, 2005, for failure to state a claim and improper venue. She asserted by affidavit that she does not and has never employed 15 or more persons, and thus is not a covered employer subject to Title VII. Plaintiff opposed the motion by affidavit sworn to March 22, 2005. She did not respond to defendant's averment that defendant has never had 15 or more employees, instead reasserting her claim that she was fired as the result of racial discrimination.

    For reasons that are not apparent on the record, the motion to dismiss was administratively terminated on March 31, 2006, but no ruling was ever made on it. There were no further proceedings in the case until it was reassigned to this Court in June, 2006.

Upon review of the record, the Court directed defendant to either answer the complaint or refile its motion. Defendant refiled its motion on July 20, 2006 [dkt 24]. Because the motion relied on evidence outside of the record (the Chaplin affidavit), the Court notified the parties that it was converting the motion to dismiss to a motion for summary judgment under Rule 56, and provided plaintiff with the opportunity to make any additional submissions that she deemed appropriate [dkt 25]. Plaintiff filed a document labeled "Notice of Motion," dated July 24, 2006, in which she again failed to address the point that defendant had less than 15 employees, instead asserting that she "was discriminated against and…asking for $360,000.000.000.00 [*sic*]…" [dkt 26].

The law does not prohibit all instances of employment discrimination. By its terms, Title VII only applies to employers who have 15 or more employees. The statute defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year…." 42 U.S.C. §2000e (b). Thus, even assuming that plaintiff had been terminated for discriminatory reasons, Title VII does not prohibit that.

Plaintiff has failed to raise a material issue of fact as to whether defendant employs 15 or more employees. According, it is ORDERED that the complaint is dismissed. Defendant's improper venue point is moot.

The Clerk is directed to mail a copy of this Memorandum Decision and Order to plaintiff and to close the file in this case.

Dated: Brooklyn, New York
 August 10, 2006

                                        /s/(BMC)
                                        _____
                                              U.S.D.J.