**C/M**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                        :
INGRID JNO CHARLES,                                     :
                                                        :
                            Plaintiff,                  :       **ORDER**
                                                        :
              - against -                               :       04 Civ. 5665 (BMC)(LB)
                                                        :
A CHOICE NANNY, et al.,                                 :
                                                        :
                            Defendants.                 :
                                                        :
                                                        :
-------------------------------------------------------- X

Plaintiff *pro se* worked for defendant as a weekend baby nurse and asserted racial

discrimination as the reason for her termination.  By Memorandum Decision and Order dated

August 10, 2006, this Court granted defendant's motion to dismiss this Title VII action, after

converting defendant's motion to a motion for summary judgment, on the ground that the record

demonstrated that defendant did not have 15 or more employees.  See 42 U.S.C. §2000e (b).

Plaintiff appealed and on July 18, 2008, the Second Circuit vacated this Court's decision and

remanded the case on the ground that plaintiff, as a *pro se* litigant, "was not afforded adequate

notice of the nature of summary judgment," citing Vital v. Interfaith Medical Center, 168 F.3d

615, 621 (2d Cir. 1999).

This Court therefore ordered defendant to renew her motion for summary judgment and

to provide plaintiff with the notice to pro se litigants required under Local Rule 56.2, and the

Court set a schedule for plaintiff to respond.  Defendant has renewed her motion for summary

judgment and provided the required notice to plaintiff, and plaintiff has responded.

Plaintiff's response consists of a brief letter in which she asserts, *inter alia*, that defendant "has fired seven other people since [she] left this job." This conclusory statement is inadequate to raise an issue of fact as to whether defendant is covered by Title VII. Even if defendant has repeatedly fired each domestic worker that she hired after plaintiff, which again is only asserted in conclusory terms, Title VII requires "fifteen or more employees each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. §2000e (b). Thus, the statute does not permit aggregation of single employees employed at different times to reach the minimum level of 15, and the relevant time period is the year of plaintiff's termination or the year before, not what happens afterwards. Plaintiff has offered no evidence that defendant falls within the class of employers to which Title VII applies.

Accordingly, defendant's motion for summary judgment is granted, and the Clerk is directed to enter judgment in favor of defendant.

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/

U.S.D.J.

Dated: Brooklyn, New York
August 20, 2008

2